1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE LUIS MAGANA,

11              Plaintiff,                    No. CIV S-03-2061 DFL KJM P

12        vs.

13   SACRAMENTO COUNTY
     MAIN JAIL, et al.,

14
                Defendants.              ORDER
15
     _____/
16
                Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C.
17
     § 1983.  On January 3, 2005, plaintiff filed a request for an order directing the jail to release his
18
     medical records to him.  An examination of plaintiff's February 24, 2005 filing suggests he has
19
     received the records, for many such records are attached to this filing.
20
                On January 20, 2005, plaintiff filed an "Amended Memorandum and Exhibits."
21
     Defendants have filed an opposition to this document, arguing that it is substantially the same as
22
     the "Request For Court Order To Wear Supporting Type Shoes," which the court rejected in
23
     findings and recommendations filed November 18, 2004, adopted by the district court on January
24
     24, 2005.  Plaintiff has not explained why he filed this document.
25
     //////
26

                                          1

According to Rule 7(b) of the Federal Rules of Civil Procedure, a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought."   The rule's "particularity requirement" is designed "to give notice of the basis for the motion to the court and the opposing party so as to avoid prejudice, 'providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly.'" Andreas v. Volkswagen of America, Inc, 336 F.3d 789, 793 (8th Cir. 2003).   Plaintiff's filing does not satisfy this standard, for it lacks  sufficient information to permit the court "to process the motion correctly."   This court does not have a duty to "sort[] through irrelevant submissions." Holsey v. Collins, 90 F.R.D. 122, 123 n.2 (D. Md. 1981).

Although the court is mindful of plaintiff's pro se status and its obligation to construe pro se pleadings leniently, Haines v. Kerner, 404 U.S. 519, 520-21 (1978), a pro se plaintiff must nevertheless "adhere to the rudimentary dictates of civil procedure."   Holsey, 90 F.R.D. at 125.  Plaintiff has failed to do so.  Moreover, such pleadings are not helpful to litigation of this matter and simply clog up the court's docket.  Plaintiff is cautioned that further pleadings may be limited if plaintiff continues to file extraneous pleadings that are not germane to issues pending before the court.  If plaintiff has evidentiary material he wishes to submit to the court, then such evidence should be submitted as exhibits to properly filed amendments to the complaint, as exhibits to properly noticed motions or opposition, or as exhibits at trial.  It is not proper to filed an amended memorandum when no motion is pending.   Accordingly, the filing of January 20, 2005, will be disregarded.

On February 24, 2005, plaintiff filed "Affidavit, Statements and New Exhibits In Support Of Amended Complaint And/Or Deposition."  Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party.  See Fed. R. Civ. P. 15(a).  An answer was filed on July 30, 2004.  Plaintiff has filed neither a motion to amend nor a stipulation to amend the complaint signed by all parties.  Plaintiff's "Affidavit, Statements And New Exhibits In Support Of Amended Complaint" therefore will be stricken,

and this action will proceed on the amended complaint filed February 17, 2004.

Accordingly, IT IS ORDERED:

1. Plaintiff's January 3, 2005 request for an order directing the release of his medical records (docket # 43) is denied as moot;

2. Plaintiff's filing of January 20, 2005 (docket #45) is denied for failure to comply with Fed. R. Civ. P. 7(b); and

3. Plaintiff's February 24, 2005 affidavit (docket # 50) is stricken from the record and will be disregarded.

DATED:   May 3, 2005.


_____
UNITED STATES MAGISTRATE JUDGE

2
maga2061.7

3