1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE LUIS MAGANA,

11            Plaintiff,                   No. CIV S-03-2061 DFL KJM P

12        vs.

13   SACRAMENTO COUNTY
     MAIN JAIL,                            ORDER AND
14
              Defendants.                  FINDINGS & RECOMMENDATIONS
15   _____/

16            Plaintiff is a former county jail inmate proceeding pro se with a civil rights action

17   under 42 U.S.C. § 1983.  Defendants County of Sacramento, Ilaga, Iwasa, Wiedman and

18   Ackerman have filed a motion for partial summary judgment; plaintiff has filed an opposition

19   and, more recently, a "notice of claim of overt acts."  These matters are before the court.

20   I.   The Motion For Summary Judgment

21            In his verified amended complaint, plaintiff alleges that defendants Ilaga and

22   Weidman, acting on defendants Ackerman's and Iwasa's orders, took plaintiff's "medical

23   prescribed supporting shoes."   He alleges these actions were taken in response to a jail policy,

24   which requires an inmate to get a "court order" for orthopedic shoes.  Am. Compl. at 4-5.  He

25   also appears to allege that he is being discriminated against because two other inmates were

26   allowed to wear orthopedic shoes without a court order.  Plaintiff seeks injunctive relief and

1

1  damages.  Id. at 5.

2        Defendants argue they are entitled to summary judgment because the orthopedic

3  shoes were never prescribed, but rather only recommended, and because plaintiff admitted in his

4  deposition that he is not challenging jail policies.  Def'ts' Mem. P. & A. in Supp. Partial Summ.

5  J. (MSJ) at 4-8.  Defendants rely on plaintiff's "Affidavit, Statements And New Exhibits In

6  Support of Amended Complaint And/Or Deposition," filed on February 24, 2005, as well as

7  portions of plaintiff's deposition, and the declarations of Dr. Sandra M. Hand and defendant

8  Mark Iwasa.

9              A.  Summary Judgment Standards

10       Summary judgment is appropriate when the moving party demonstrates there

11  exists "no genuine issue as to any material fact and that the moving party is entitled to a

12  judgment as a matter of law."  Fed. R. Civ. P. 56(c).

13       Under summary judgment practice, the moving party

14       always bears the initial responsibility of informing the district court
         of the basis for its motion, and identifying those portions of "the
15       pleadings, depositions, answers to interrogatories, and admissions
         on file, together with the affidavits, if any," which it believes
16       demonstrate the absence of a genuine issue of material fact.

17  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

18  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

19  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

20  to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

21  after adequate time for discovery and upon motion, against a party who fails to make a showing

22  sufficient to establish the existence of an element essential to that party's case, and on which that

23  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

24  concerning an essential element of the nonmoving party's case necessarily renders all other facts

25  immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

26  whatever is before the district court demonstrates that the standard for entry of summary

2

1    judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

2            If the moving party meets its initial responsibility, the burden then shifts to the

3    opposing party to establish that a genuine issue as to any material fact actually does exist. See

4    Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

5    establish the existence of this factual dispute, the opposing party may not rely upon the

6    allegations or denials of its pleadings but is required to tender evidence of specific facts in the

7    form of affidavits, and/or admissible discovery material, in support of its contention that the

8    dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

9    must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

10   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

11   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

12   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

13   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

14   1436 (9th Cir. 1987).

15           In the endeavor to establish the existence of a factual dispute, the opposing party

16   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

17   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

18   versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

19   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

20   genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

21   committee's note on 1963 amendments).

22           In resolving the summary judgment motion, the court examines the pleadings,

23   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

24   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed. See Anderson,

25   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

26   court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.

1   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

2   produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

3   Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

4   1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

5   show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

6   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

7   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

8          On May 25, 2004, the court advised plaintiff of the requirements for opposing a

9   motion under Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d

10  952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999), and Klingele v.

11  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

12          B.  Defendants Ilaga, Wiedman, Ackerman and County of Sacramento

13          To the extent the motion for summary judgment is brought by the defendants

14  identified above, they argue essentially that it is undisputed there was no medical necessity for

15  the shoes; therefore, they could not be found to have violated plaintiff's Eighth Amendment

16  rights by taking them away from plaintiff.  These defendants rely on unauthenticated portions of

17  plaintiff's deposition, an unsupported declaration from a supervising doctor at the jail, and a

18  document of plaintiff's that was stricken from the record of this case.

19          A court may consider only admissible evidence in support of a motion for

20  summary judgment.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir.  2002).

21          Authentication is a "condition precedent to admissibility," and this
            condition is satisfied by "evidence sufficient to support a finding
22          that the matter in question is what its proponent claims.  Fed.  R.
            Evid.  901(a) . . . [U]nauthenticated documents cannot be
23          considered in a motion for summary judgment.

24  Id.; Hal Roach Studios v. Richard Feiner and Company, Inc., 896 F.2d 1542, 1550 (9th Cir.

25  1990).

26  /////

4

A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent. Ordinarily, this would have to be accomplished by attaching the cover page of the deposition and the reporter's certification to every deposition extract submitted. It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a "true and correct copy."

Orr, 285 F.3d at 774 (internal citations omitted). Defendants have submitted portions of plaintiff's deposition without the certification from the court reporter and have attempted to authenticate it with counsel's declaration, averring that she has provided true and correct copies of portions of the transcript. Declaration of Molly M. Ryan in Supp. MSJ at 1. This is not sufficient for admissibility.[1]

The defendants also rely on the declaration of Sandra M. Hand, the Medical Director for Sacramento County Jail, among other facilities. Declaration of Sandra Hand (Hand Decl.) ¶ 2. Dr. Hand states that her review of plaintiff's medical records, documenting treatment provided by other doctors, shows that "no shoes of any kind have been prescribed or found medically necessary." Id. ¶ 5. She describes an orthopedic recommendation that plaintiff be allowed to wear his own shoes and reviews the course of treatment plaintiff received for the problems with his ankle. Id. ¶¶ 8-15. She does not, however, attach the medical records upon which she bases her conclusions.

Rule 56(e) provides in part that "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Without the records upon which Dr. Hand relies, her declaration is not competent evidence in support of defendants' motion for summary judgment. Cermetek, Inc. v. Butler Avpak, Inc., 573 F.2d 1370,

---

[1] Defendants also have not complied with Local Rule 5-133(j), which requires a party to provide a courtesy copy of the complete deposition to chambers.

1377 (9th Cir. 1978)[2] ; see also Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990) (suggesting the problems with granting a motion for summary judgment when the inmate's medical records have not been provided to the court).

Finally, defendants rely on a pleading of plaintiff's, filed on February 24, 2005. In an order filed May 4, 2005, the court directed this document to be stricken from the record and disregarded. While a court may itself rely on matters outside the motion in resolving a motion for summary judgment, those matters "must *both* be in the district court file *and* set forth in the response." Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1029 (9th Cir. 2001) (emphasis in original). Although defendants have brought the pleading to the court's attention, the court has directed that it not be considered, essentially removing it from the court's file. This document also cannot support defendants' motion.

In sum, no admissible evidence supports the motion of the foregoing four defendants, meaning they have not met their initial responsibility of demonstrating there is a basis for the court's considering summary judgment.

C. Defendant Iwasa

To the extent defendant Iwasa, a jail commander, moves for summary judgment, he avers that unless prescribed or medically necessary, inmates are not entitled to wear shoes other than the standard-issued deck shoes. Declaration of Mark Iwasa in Supp. MSJ (Iwasa Decl.) ¶¶ 2, 4-5. He says he was not aware that orthopedic shoes had been prescribed or found to be medically necessary for plaintiff. Id. ¶ 6. Plaintiff says only that it is his belief that defendant Iwasa knew of the doctor's order for orthopedic shoes. Am. Compl. at 5; Opp'n at 4-5.

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under

---

[2] Plaintiff does provide what appear to be pages from his medical records as exhibits to his opposition, Opp'n to MSJ, Exs. A35-A41, but has not established any basis for their admissibility nor authenticated them. These documents also will not be considered.

1  section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious

2  medical needs."   To establish deliberate indifference, plaintiff must show that defendants knew

3  of and disregarded an excessive risk to his health or safety.  Farmer v. Brennan, 511 U.S. 825,

4  837 (1994).  A prison official must "both be aware of facts from which the inference could be

5  drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

6  The nature of a defendant's responses must be such that the defendant purposefully ignores or

7  fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference"

8  to be established. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on

9  other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

10  Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere

11  with medical treatment, or may be demonstrated by the way in which prison officials provide

12  medical care.  Id. at 1059-60.

13         In this case, defendant Iwasa has submitted a declaration showing he was unaware

14  of any order or prescription for orthopedic shoes.  In his verified complaint, however, plaintiff

15  also claims that defendant Iwasa changed jail policy to require an inmate to secure a court order

16  for orthopedic shoes "no matter what medical necessity or prescribed . . . crono [sic]." Am.

17  Compl. at 5; cf. Opp'n at 5 (Iwasa "in control of the jail and jail procedures").  Defendant Iwasa

18  does not address this claim and does not otherwise attach a copy of jail policy on orthopedic

19  shoes.  He has not borne his burden of showing the material facts about jail policy and medical

20  needs are undisputed.

21         D.  Injunctive Relief

22         It appears from plaintiff's opposition to the pending motion that on March 20,

23  2005, he was given the shoes earlier confiscated.  See Opp'n at 3.  Moreover, it appears from his

24  change of address that plaintiff has been sentenced to federal prison and is no longer housed at

25  the Sacramento County Jail.  See, e.g., Docket No. 69 (change of address notice).

26

1        When an inmate seeks injunctive or declaratory relief concerning his place of

2  incarceration, his claims for such relief become moot when he is no longer subjected to those

3  conditions.  <u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147 (1975); <u>Dilley v. Gunn</u>, 64 F.3d 1365,

4  1368-69 (9th Cir. 1995).  Accordingly, summary judgment is appropriate as to plaintiff's request

5  for injunctive relief.

6  II.  <u>Plaintiff's October 24, 2005 "Notice Of Claim"</u>

7        Although the purpose of this pleading is not entirely clear, it appears plaintiff

8  attempting to amend his complaint to add new claims based on an alleged failure to treat an

9  injury to his right wrist and to document that injury in his medical records.  Plaintiff has not filed

10  a proposed amended complaint.

11        Once an answer has been filed, a party may amend a pleading only by leave of

12  court or by written consent of the adverse party.  <u>See</u> Fed. R. Civ. P. 15(a).  An answer was filed

13  on July 30, 2004.  Plaintiff has filed neither a motion to amend nor a stipulation to amend the

14  complaint signed by all parties.

15        IT IS HEREBY ORDERED that plaintiff's October 24, 2005 "notice of claim,"

16  construed as an attempt to amend the complaint, is denied.

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1       IT IS HEREBY RECOMMENDED that defendants' motion for summary

2 judgment be granted as to plaintiff's claim for injunctive relief but denied in all other respects.

3       These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5 days after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8 shall be served and filed within ten days after service of the objections.  The parties are advised

9 that failure to file objections within the specified time may waive the right to appeal the District

10 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED:   February 9, 2006.

12

13

14                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18 2

19 maga2061.57

20

21

22

23

24

25

26